**STATE of Missouri, Plaintiff–Appellant,**

v.

**Margaret REYES, Defendant–Respondent.**

**No. 18025.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 10, 1993.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, plaintiff-appellant.

Ellen H. Flottman, Office of the State Public Defender, Columbia, defendant-respondent.

PER CURIAM:

On November 6, 1992, this court issued an opinion in this cause. On January 26, 1993, by order of the Supreme Court of Missouri, this cause was transferred to that court. On June 29, 1993, the Supreme Court entered an order retransferring the cause to this court. The original opinion of this court, which follows, is now readopted and reissued.

Defendant Margaret Reyes was charged with the class B felony of producing marijuana, in contravention of § 195.211.1, RSMo Cum.Supp.1991. A jury found her guilty of an attempt to produce marijuana and assessed her punishment at imprisonment for five years. The trial court sustained defendant's Motion for Judgment of Acquittal, or in the Alternative for a New Trial, and ordered defendant discharged. The State appeals. § 547.200.2.[1] *See Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), 61 A.L.R.2d 1119 (1958). The following is a resume of the facts.

The Sheriff and three Deputies of Howell County went to the mobile home of defendant and her husband to execute a search warrant. As the sheriff got out of his car, he saw, through a window, defendant move hurriedly toward the west end of the mobile home. Defendant's husband was outside the mobile home. The sheriff ran to the west end of the mobile home and, again through a window, saw defendant. "She had whirled— she'd run to the window and she whirled from the window and started back to the east end of the trailer." She had something in both hands. When the sheriff returned to the front of the mobile home, he found defendant outside, empty-handed.

The officers then entered the mobile home. A deputy found in a closet a large clay flowerpot and a cut-off plastic milk jug. A total of 44 plants were growing in the containers. There were approximately 9 plants in the flowerpot that were roughly 6 inches tall. The remainder of the plants in the milk jug had just sprouted and were very small seedlings. Defendant told the sheriff that the plants were what he had seen her with hurrying down the hall and that she had placed them in the closet. The officers also found several marijuana smoking devices. The sheriff identified the plants in the flowerpot and cut-off milk jug as marijuana plants. A chemist confirmed the sheriff's identification of the plants in the flowerpot. However, the seedlings in the cut-off milk jug had died and the chemist could not conclusively identify those seedlings. He believed the seedlings were marijuana. The chemist testified there are slightly more than 28 grams in one ounce and that a nickel weighs approximately five grams. A picture of the two containers and the marijuana plants, taken just after their seizure, was admitted in evidence.

The trial court gave two verdict directing instructions. Instruction No. 5 submitted the offense of producing more than 5 grams

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1986.

of marijuana.[2] Instruction No. 6 submitted, as a lesser included offense, the offense of an attempt to produce marijuana.[3] As stated, the jury found defendant guilty under Instruction No. 6 of an attempt to produce marijuana and fixed her punishment at imprisonment for five years.

In sustaining defendant's motion and ordering her discharged, the trial court, in scholarly and commendable fashion, rendered an opinion stating the basis for its decision. The following is the essence of that opinion. Under § 195.211 RSMo Cum.Supp. 1991, a person who produces or attempts to produce less than 5 grams of marijuana is not guilty of an offense. *State v. LaMaster,* 811 S.W.2d 837 (Mo.App.1991) is cited. The opinion of the trial court continues:

"[T]here is a significant difference between Sec. 195.211 and most statutes criminalizing conduct in that Sec. 195.211 makes it an offense to attempt to produce more than 5 grams of marijuana, the same as actually producing more than 5 grams, whereas, ordinarily, there is no attempt provision in the object or underlying criminal statutes as there is here. Rather, there is a special statute providing for prosecution of attempt with regard to most crimes. Sec. 564.011 RSMo. The apparent reason for making attempt to produce more than 5 grams of marijuana a violation and a class B felony just the same as producing more than 5 grams of marijuana is that under the aforesaid attempt statute, to-wit: Sec. 564.011, attempt to commit an offense is a lower grade felony from the punishment standpoint than the object offense. For example, as is set forth in the attempt statute, it is only a class B felony if the object offense is a class A felony. In the case at bar, but for the attempt provision being included as a class B felony in Sec. 195.211, the penalty for attempting to produce more than 5 grams of marijuana would be a class C felony which calls for a lighter penalty than a class B felony. Thus, it is the opinion of the Court that Instruction No. 6, even though it is an MAI pattern instruction on attempt to commit an offense, does not include a required element that the jury must find in order to find the defendant guilty in this case, to-wit: that the defendant produced or attempted to produce more than 5 grams of marijuana."

The trial court then found there was not sufficient evidence to establish defendant

2. "Instruction No. 5

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about the 1st day of April, 1991, in the County of Howell, State of Missouri, the defendant produced more than 5 grams of marijuana by growing marijuana plants, and

Second, that defendant was aware that the substance she produced was marijuana,

then you will find the defendant guilty of producing marijuana.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty of producing marijuana, you will assess and declare the punishment at imprisonment for a term of years fixed by you, but not less than five years and not to exceed fifteen years."

3. "Instruction No. 6

If you do not find the Defendant guilty of producing marijuana under Instruction No. 5, you must consider whether she is guilty of attempting to produce marijuana under this instruction.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about the 1st day of April, 1991, in the County of Howell, State of Missouri, the defendant grew approximately 44 marijuana plants, and

Second, that such conduct was a substantial step toward the commission of the offense of producing marijuana, and

Third, that defendant engaged in such conduct for the purpose of committing such production of marijuana, then you will find the defendant guilty of an attempt to commit producing marijuana.

However, unless you find and believe from the evidence beyond reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

As used in this instruction, the term 'substantial step' means conduct which is strongly corroborative of the firmness of the defendant's purpose to complete the commission of the offense of producing marijuana.

If you do find the defendant guilty of an attempt to produce marijuana, you will assess and declare the punishment at imprisonment for a term of years fixed by you, but not less than five years and not to exceed fifteen years."

produced or attempted to produce more than 5 grams of marijuana. That being so, the court held that to merely reverse the conviction and grant defendant a new trial would improperly place her in double jeopardy. *State v. Inman*, 578 S.W.2d 336 (Mo.App. 1979) is cited. For this reason, defendant was ordered discharged.

The State contends Instruction No. 6 followed MAI–CR 3d 304.06 and was a proper instruction. The State argues: "For respondent to be convicted of attempt, the state needed to prove only the following elements: (1) the intent to commit the crime; (2) an overt act toward its commission; (3) failure of consummation; and (4) the apparent possibility of commission." *State v. Hardy*, 735 S.W.2d 153 (Mo.App.1987) is cited. The State also argues that it was not necessary that the State show the amount of marijuana seized was more than 5 grams. The State concludes it was only necessary to "show the *apparent possibility* that the marijuana under production would eventually come to weigh more than five grams." (Emphasis in original.)

The disposition of this appeal and consideration of the issues presented by the case is difficult and complex because the applicable statute defining what may be called the principal offense, does so in the alternative language of "... produce *or attempt to ... produce* a controlled substance...." § 195.-211.1 RSMo Cum.Supp.1991. (Emphasis added.) This section makes no reference to § 564.011 which defines the general inchoate offense of attempt.

Section 564.011 provides:

"1. A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A 'substantial step' is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

2. It is no defense to a prosecution under this section that the offense attempted was, under the actual attendant circumstances, factually or legally impossible of commission, if such offense could have been committed had the attendant circumstances been as the actor believed them to be.

3. Unless otherwise provided, an attempt to commit an offense is a:

(1) Class B felony if the offense attempted is a class A felony.

(2) Class C felony if the offense attempted is a class B felony.

(3) Class D felony if the offense attempted is a class C felony.

(4) Class A misdemeanor if the offense is a class D felony.

(5) Class C misdemeanor if the offense attempted is a misdemeanor of any degree."

The consideration and disposition of the issues presented by the interplay between § 195.211.1 RSMo Cum.Supp.1991 and § 564.011 is of great significance. Many statutes define or refer to a criminal offense in terms of a proscribed criminal act "or attempt to commit" that act.[4] For example, the statutory aggravating circumstances include: "The murder in the first degree was committed while the defendant was engaged in the perpetration or was aiding or encouraging another person to perpetrate *or attempt* to perpetrate a felony of any degree of rape, sodomy, burglary, robbery, kidnapping, or any felony offense in chapter 195, RSMo;". § 565.032.2(11). (Emphasis added.) Felony murder is defined as: "A person commits the crime of murder in the second degree if he: ... Commits *or attempts* to commit any felony, and, in the perpetration or the attempted perpetration of such felony ... another person is killed as a result of the perpetration or attempted perpetration of such felony...." § 565.021.1(2). (Emphasis added.) First degree assault is defined as: "A person commits the crime of assault in the first degree if he *attempts* to kill or knowingly causes *or*

---

4. Section 566.030 RSMo Cum.Supp.1991 defining rape is to be distinguished. Section 566.-030.1 defines the offense of forcible rape. Section 566.030.2 prescribes the same punishment for forcible rape and the inchoate offense, as defined by § 564.011, of attempted forcible rape. Also see § 566.060 RSMo Cum.Supp.1991—Sodomy.

*attempts* to cause serious physical injury to another person." § 565.050.1. (Emphasis added.) None of the cited statutes make reference to § 564.011.[5] It is obvious these statutes present the issue of whether or not the term "attempt", as used in such statutes, bears the same meaning as the separate inchoate offense of "attempt" proscribed by § 564.011.

Historically, certain statutes have defined a principal offense in the alternative language of the commission of a proscribed criminal act or an attempt to commit that act. See *State v. Bliss*, 80 S.W.2d 162 (Mo.1935). When so used, without further definition, the term "attempt" carried a common law meaning. See *State v. Block*, 333 Mo. 127, 62 S.W.2d 428 (1933); *State v. Davis*, 319 Mo. 1222, 6 S.W.2d 609 (banc 1928). A statute defining the inchoate offense of attempt was adopted in 1905. That section remained substantially unchanged until the adoption of The Criminal Code. The 1905 statute, in part, provided:

> "Every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act toward the commission of such offense, but shall fail in the perpetration thereof, or shall be prevented or intercepted in executing the same, upon conviction thereof, shall, in cases where no provision is made by law for the punishment of such attempt, be punished as follows: ..." § 556.150 RSMo 1969 (repealed).

The punishment prescribed for such an attempt was based upon the punishment for a principal offense and was less severe than the punishment for the principal offense. Section 556.150 RSMo 1969 (repealed) did not define the term "attempt". As the section was applied, that term was held to bear what has been called the "common law" definition of attempt. See Committee Comments on MAI–CR (1974), *Attempts*, Orville Richardson.

▊ It is fundamental that the common law meaning of "attempt" may vary according to the attempted offense.

"We also look beyond Missouri decisions for answers to the question: What acts constitute an attempt? A logical factor is the proximity to the crime's completion. The Model Penal Code is enlightening. At §§ 5.01 and 5.02 it declares one guilty of attempt who purposely does an act constituting a substantial step planned to culminate in committing the crime.

Each case must be considered in the light of its own facts, and the problem is to determine at what point a defendant's acts go beyond preparation and are in the nature of perpetration. [footnote omitted]." *State v. Stewart*, 537 S.W.2d 579, 582 (Mo. App.1976).

It is a general principle that to constitute a common law attempt the conduct of a defendant had to nearly approach the consummation of that offense. A generally accepted common law definition of "attempt" is the following:

"An 'attempt' is an intent to do a particular thing which the law has declared to be a crime, 'coupled with an act towards the doing, sufficient, both in magnitude and in proximity to the fact intended, to be taken cognizance of by the law, that does not concern itself with things trivial and small. Or, more briefly, an attempt is an intent to do a particular criminal thing, with an act towards it falling short of the thing intended.' *State v. Smith*, 119 Mo. 439, 444, 24 S.W. 1000, 1001 [1894] quoted with approval in *State v. Scarlett*, Mo.Sup., 291 S.W.2d 138, 140, 141 [1956]. An attempt is separate and distinct from the crime itself. It was not necessary for the appellant to have

---

**5.** For other offenses defined in a similar manner, see: § 311.325—Purchase or Possession by Minor; § 565.060—Assault, Second Degree; § 565.065—Unlawful Endangerment of Another; § 565.070—Assault—Third Degree; § 565.081 RSMo Cum.Supp.1991—Assault—Law Enforcement Officer, First Degree; § 565.082 RSMo Cum.Supp.1991—Assault—Law Enforcement Officer, Second Degree; § 565.083 RSMo Cum. Supp.1991—Assault—Law Enforcement Officer, Third Degree. § 569.085—Unlawful Endangerment of Property; § 570.140—Deceptive Business Practice; § 570.190—Telephone Service Fraud; § 570.210—Library, Theft; § 570.300—Theft Cable Television; § 575.200—Escape or Attempted Escape from Custody; § 575.210—Escape or Attempted Escape from Confinement; § 575.230—Aiding Escape of Prisoner; § 575.-270—Tampering with Witness—Victim;

received money from the cashing of the bogus check to be guilty of a criminal attempt. To be found guilty of an attempt to commit a crime there must be some overt act in part execution of the intent to commit the crime, [footnote omitted] which falls short of the completion of the crime, [footnote omitted] which overt act must move directly toward the consummation of the crime. Authorities, supra. There must be at least an apparent ability to commit the crime, *State v. Block,* [333 Mo. 127, 62 S.W.2d 428 (1933) ] supra; it must be apparently possible. Mere preparation is not sufficient to constitute an attempt to commit the crime. The defendant must have taken steps going beyond mere preparation, by doing something bringing him nearer the crime he intends to commit. 22 C.J.S. Criminal Law § 75(2), p. 231. The act need not, however, be the ultimate step toward, or the last proximate, or the last possible, act to the consummation of the crime attempted to be perpetrated. Idem, p. 233." *State v. Thomas,* 438 S.W.2d 441, 446 (Mo.1969).

Also see *State v. Olds,* 603 S.W.2d 501 (Mo. banc 1980), cert. denied, —— U.S. ——, 111 S.Ct. 1692, 114 L.Ed.2d 86 (1991); *State v. Stewart,* supra. The pattern instruction adopted for the submission of the inchoate offense of attempt proscribed by § 556.150 RSMo 1969 (repealed) was MAI–CR 2.06.

"(As to Count __, if) (If) you find and believe from the evidence beyond a reasonable doubt:

First, that (on) (on or about) _____, in the (City) (County) of _____, State of Missouri, the defendant *[continue as in MAI–CR 2.04 to submit in separate paragraphs each essential element of the offense, using the words 'attempted', 'failed' and 'attempted but failed' as appropriate ],*

(Second) (Third) ( *[last numbered paragraph ]* ), that in performing or attempting the acts submitted in the above paragraphs, the defendant intended to commit the offense of _____,

then you will find the defendant guilty (under Count _____) of an attempt to commit _____.

*[Continue as appropriate under MAI– CR 2.04 as applied to the particular offense attempted. Use definitions of the attempted offense in the manner set out in MAI–CR 2.04. See definitions incorporated in MAI–CR 6.17, 6.18 and 6.19 for examples. The essential elements of various offenses defined can be identified in the MAI–CR forms relating to such offenses, but should be checked against the statutes creating the particular offense involved. Refer to the Notes on Use below for guidance in submitting the punishment for attempted offenses.]*"

The "Notes on Use" to this instruction provided this pattern instruction was to be used in submitting an offense defined by a statute which made it a crime to commit certain acts or attempt to commit those acts, and also in submitting the inchoate offense of attempt proscribed by § 556.150 RSMo 1969 (repealed). Those Notes on Use did not provide for a definition of the term "attempt". The propriety of the instruction was gauged by whether or not the facts submitted met the common law definition of attempt.

Section 564.011 defining the inchoate offense of attempt is, in one respect, similar to its predecessor § 556.150 RSMo 1969 (repealed). Section 556.150 RSMo 1969 (repealed) did not define "attempt". Section 564.011 does not define, in the general sense, the word "attempt" as a Code or Chapter definition.[6] Section 564.011 defines or ascribes a meaning to that term only as it is used in proscribing the separate inchoate offense of attempt to commit an otherwise proscribed criminal act. The meaning ascribed is not the common law meaning. The inchoate offense of attempt, as defined by § 564.011, is a broader offense than the common law inchoate offense of attempt proscribed by § 556.150 RSMo 1969 (repealed).

"Subsection 1 limits attempt offenses to purposive conduct. However, while so doing, it expands the area of conduct that can constitute an attempt. The present at-

---

**6.** See § 556.061 RSMo Cum.Supp.1991—Code Definitions, and § 569.010—Chapter Definitions.

tempt statute is couched in terms of preparation and perpetration. The dividing line is between mere preparation and conduct which is sufficient to constitute an attempt. Though these terms are not precise and cannot be defined with any greater degree of clarity, they have usually been interpreted to require the defendant to come very close to the actual commission of the offense before he can be guilty of an attempt. *State v. Davis,* 319 Mo. 1222, 6 S.W.2d 609 (1927); *State v. Thomas,* 438 S.W.2d 441 (Mo.1969). Subsection 1 expands the area of conduct sufficient for attempt by requiring an act 'which is a substantial step towards the commission of the offense.'" § 564.011, V.A.M.S., Comment to 1973 Proposed Code.

Also see *State v. Molasky,* 765 S.W.2d 597 (Mo. banc 1989). It is likewise the general policy of The Criminal Code that the broader offense of attempt be graded at one level below that for the offense attempted. § 564.011, V.A.M.S., Comment to 1973 Proposed Code.

The significance of the difference between the inchoate offense of attempt proscribed by § 556.150 RSMo 1969 (repealed) which embodied the common law meaning of the term and the inchoate offense prescribed by § 564.011 can best be illustrated by example. Assume the evidence established a Defendant's intent and purpose to inflict serious bodily injury upon Victim. Defendant bought a gun, broke into Victim's home and waited for him but Victim went out of town. Under § 564.011 impossibility of commission is no defense. A jury could find Defendant's acts constituted a substantial step and Defendant was guilty of an attempt to inflict serious physical injury upon Victim proscribed by § 564.011. But, Defendant's conduct did not approach the consummation of that act. Defendant had no "present ability" to inflict such injury. Under the common law definition, Defendant would not be guilty of an attempt to commit assault in the first degree as proscribed by § 566.150 RSMo 1969 (repealed.)

Cases such as *State v. Molasky,* supra, also present the issue. In that case, the court indicated solicitation by an inmate in the penitentiary in Jefferson City to have a person in St. Louis killed, if accompanied by "concrete arrangements" such as the payment of money or delivery of a picture of the victim, would support a finding of guilt of an attempt to murder, in violation of § 564.011 and § 565.004 RSMo 1978 (repealed). In *State v. Prince,* 628 S.W.2d 920 (Mo.App. 1982), a defendant who gave a hit man a postdated check to kill defendant's wife was convicted of attempted murder under § 564.-011. Also see *State v. Smith,* 631 S.W.2d 353 (Mo.App.1982). *Would such evidence support a conviction of an attempt to kill in violation of § 565.050?*

Statutes defining specific principal offenses in the language of a proscribed act or an attempt to commit that act and § 564.011 must be construed together. No case has been cited or found in which that relationship was a decisive issue and was considered at length. It has been assumed that § 564.011 defines attempt as used in such statutes. *State v. Niswonger,* 721 S.W.2d 207 (Mo.App. 1986); *In re J __ R __ N __,* 687 S.W.2d 655 (Mo.App.1985). The facts of this case require detailed consideration of this issue.

Section 564.011 is not a statute defining an element of any specific offense. It creates a separate offense of an "attempt to commit an offense." § 564.011. Section 565.050 defines assault in the first degree as knowingly causing serious physical injury to another person. That section also defines assault in the first degree as an attempt to cause serious physical injury to another person. By its terms, § 564.011 proscribes the offense of attempt to commit the specifically-defined offense of assault in the first degree by knowingly causing serious physical injury to another person. Section 564.011 also, in the alternative, proscribes the specifically-defined offense of assault in the first degree as that offense is defined by § 565.050 as attempting to cause serious physical injury to another person. If the word "attempt", as used in § 565.050 bears the meaning of attempt defined by § 564.011, the two statutes would produce an attenuated result. In other words, a defendant could be guilty of attempted assault in the first degree when, with the required purpose, he does any act which is a substantial

step towards a substantial step towards inflicting serious physical injury upon another person. This result is generally regarded as being too illusive to define a crime. *In re M.,* 9 Cal.3d 517, 108 Cal.Rptr. 89, 510 P.2d 33 (1973). Also see Annot., *Attempt to Commit Assault as Criminal Offense,* 79 A.L.R.2d 597 (1961).

To hold that § 564.011 is embodied in the alternative language of an attempt to commit a proscribed criminal act, as used in statutes defining principal offenses, such as those cited, is to give § 564.011 a meaning not expressed by that section. It would repeal by implication the common law meaning of the term "attempt" that had been embodied in § 556.150 RSMo 1969 (repealed).

Section 564.011 does not expressly define the term "attempt" as used generally in The Criminal Code or in statutes alternatively defining a principal offense as an attempt to commit a proscribed act. See *St. Louis Country Club v. Admin. Hear. Com'n,* 657 S.W.2d 614 (Mo. banc 1983). The only way § 564.011 can be said to define the term "attempt" is by so construing that section.

"The goal of statutory interpretation is to determine and give effect to the intent of the legislature. *State v. Kraus,* 530 S.W.2d 684, 685 (Mo. banc 1975). To this purpose, the court considers a particular statute together with related statutes which may shed light on its meaning, 530 S.W.2d at 686–87. The court must also consider the purpose or goal of the statute and any relevant conditions existing at the time it was enacted. *State v. Wright,* 515 S.W.2d 421, 427 (Mo. banc 1974)." *State v. White,* 622 S.W.2d 939, 944 (Mo. banc 1981), cert. denied, 456 U.S. 963, 102 S.Ct. 2040, 72 L.Ed.2d 487 (1983).

There is a subsidiary rule of construction that is of particular importance in construing The Criminal Code.

" 'It is appropriate to construe a statute with reference to the comment accompanying that statute when acted.' [citation

omitted]." *State v. Olson,* 636 S.W.2d 318, 321 (Mo. banc 1982).

The "Comment" to § 564.011 obliquely indicates that § 564.011 defines the word "attempt" as used in the statutes defining the specific offenses of assault.[7]

However, the Comment to § 564.011 also includes a statement basic to the application of that section. It is:

"Subsection 1 does away with failure as an element of attempt offenses. Present law permits a defendant charged with attempt to argue that he is innocent because he actually went through with the crime. By eliminating failure as an element of attempt, the section avoids the problem of losing a conviction on a charge of attempt when the evidence shows that the offense was completed. Since failure is not an element, attempt clearly is a lesser included offense." § 564.011, V.A.M.S., Comment to 1973 Proposed Code.

The following is an expression of the general concept of a lesser included offense. "In order to be a lesser included offense, all factual and legal elements must be included in the greater offense." *State v. Booker,* 631 S.W.2d 854 (Mo.1982).

It is difficult to accept the proposition that an attempt to inflict serious physical injury, proscribed by § 565.050, is a *lesser included* offense of causing serious physical injury to another person proscribed by that same section. Moreover, it is the general policy of the Code to grade attempts at one level below that for the offenses attempted.

The somewhat conflicting comments to The Criminal Code provide no unambiguous guide to establish that § 564.011 generally defines the term "attempt" as used in a statute defining a principal crime.

As stated, the term "attempt" has a common law meaning. That was the meaning the term carried when the term was used in § 556.150 RSMo 1969 (repealed) to define the inchoate offense of attempt.

---

**7.** "Subsection 3 grades attempts at one level below that for the offenses attempted. The 'unless otherwise provided' phrase allows for attempts defined in specific statutes to be punished at the same level as the completed offense. See

*e.g.* § 565.050, Assault in the First Degree, where attempted murder under certain circumstances can be punished at the same level as murder." § 564.011, V.A.M.S., Comment to 1973 Proposed Code.

"Where, as in the present consideration, the wording of a new statute follows the language of the pre-existing common law it must be presumed the legislature intended the same meaning." *State v. White,* 622 S.W.2d at 945.

If *White* is to be followed, when the legislature used the term attempt in defining a principal crime without providing a new definition for that term, it must be presumed that term carried the common law meaning.

There is yet another relevant principle of statutory construction that must be considered. "This case involves construction of a criminal statute, which must be strictly construed against the state." *State v. Hobokin,* 768 S.W.2d 76, 77 (Mo. banc 1989). If § 564.011 is construed to define attempt as used in the definition of a principal offense, that construction would broaden the offense of attempt which is subject to a more severe punishment. That construction would violate the principle of lenity referred to above.

Also, as stated, to hold that § 564.011 is embodied in the alternative language of the attempt to commit a criminal act in a statute defining a principal offense, is to give to § 564.011 a meaning not expressed by that section. Such construction would also repeal by implication the common law meaning of the word "attempt" used in such statutes. Repeal by implication is not favored. *Poling v. Moitra,* 717 S.W.2d 520 (Mo. banc 1986).

"Where two acts are seemingly repugnant they must be construed together when possible; if they are not irreconcilably inconsistent both must stand. *State v. Kraus,* 530 S.W.2d 684, 686 (Mo. banc 1975)." *State ex inf. Ashcroft v. City of Fulton,* 642 S.W.2d 617, 620 (Mo. banc 1982).

Following the cited principles of construction, and construing § 195.211 RSMo Cum. Supp.1991 and § 564.011 together, this court holds that as used in § 195.211 RSMo Cum. Supp.1991 the term "attempt" bears the common law meaning. This construction reconciles those sections and accommodates the intent of the legislature to create a broader inchoate attempt offense which need not demand the same punishment as the common law offense of an attempt to produce marijuana. However, this construction does not mean there is not an inchoate offense of attempt to *produce* a controlled substance as proscribed by § 564.011 as distinguished from the offense of attempt to produce marijuana proscribed by § 195.211 RSMo Cum. Supp.1991. Section § 564.011 is, by its terms, applicable to an attempt to commit any offense. Whether or not § 564.011 is applicable to a principal offense defined in the terms of an "attempt", which term bears the common law meaning, is a question that is not reached in this case.

■ In summary, when an offense is defined as the commission of a proscribed criminal act or, as in the statutes discussed, an attempt to commit that act, the term "attempt" bears the common law meaning. An instruction submitting such an offense of "attempt" should be drafted accordingly.[8] On the other hand, "attempt" as used in the inchoate offense of an attempt to commit a proscribed criminal act, which is the offense defined by § 564.011, bears the meaning prescribed by § 564.011. Such an inchoate offense should be submitted by an instruction patterned on MAI–CR 3d 304.06.

■ As stated, one of the bases upon which the trial court sustained defendant's motion was that the evidence did not support her conviction of attempt to produce marijuana. The defendant emphasizes the failure of

---

8. The following pattern instructions provide for the submission of the principal offense of an attempt to commit a criminal act not following the pattern for the inchoate offense of attempt set forth in MAI–CR 3d 304.06. MAI–CR 3d 313.-06—Murder Second—Felony; 319.06—Assault First, Attempt, Serious Physical Injury—Felony; 319.08—Assault First, Attempt, No Serious Physical Injury—Felony; 319.10—Assault Second, Attempt to Kill or Cause Serious Physical Injury—Mitigated Felony; 319.12—Assault Second, General Felony; 319.16—Assault Third—Misdemeanor; 319.32—Assault Law Enf. Officer—First Degree; 319.34—Assault Law Enf. Officer in Second—Deadly Weapon or Dangerous Instrument; 329.72—Escape or Attempted Escape from Custody; 329.74—Escape or Attempted Escape from Confinement; 329.78.2—Aiding Escape of a Prisoner by Assisting a Prisoner; 329.88—Victim Tampering. Contra MAI–CR 3d 325.06—Controlled Substances: Manufacture or Production.

the State to present evidence of the weight of marijuana constituted by the 44 marijuana plants. *State v. Hyzer*, 811 S.W.2d 475 (Mo. App.1991) is cited. In view of the size of the 44 marijuana plants, it may be conceded the evidence was insufficient to establish the weight of marijuana seized was more than 5 grams. As noted, the common law attempt to produce more than 5 grams of marijuana must approach the commission of the production of more than 5 grams of marijuana. Defendant, at the time of her arrest, did not have the present ability to consummate the offense. That being so, the evidence is not sufficient to support the principal offense of an attempt to produce more than 5 grams of marijuana, as proscribed by the second clause [9] of § 195.211 RSMo Cum.Supp.1991.

■ However, it does not follow that the evidence is insufficient to establish the inchoate offense defined by § 564.011 of an attempt to produce more than 5 grams of marijuana, the act proscribed by the first clause [10] of § 195.211 RSMo Cum.Supp.1991. That is the inchoate offense that was submitted by Instruction No. 6. The jury found the defendant guilty under that instruction.

To establish the defendant's guilt of that inchoate offense, it was not necessary that the 44 marijuana plants constituted more than 5 grams of marijuana. It was necessary that the act of the defendant in growing 44 marijuana plants was a "substantial step" toward the production of more than 5 grams of marijuana and that defendant grew those plants for that purpose.

■ In view of the verdict, "[w]e are constrained on appellate review to accept as true all the facts and reasonable inferences tending to support the conviction and to disregard evidence and inferences to the contrary." *State v. Blaney*, 801 S.W.2d 447, 449 (Mo.App.1990).

9. "[I]t is unlawful for any person to ... attempt to ... produce a controlled substance...." § 195.211 RSMo Cum.Supp.1991.

10. "[I]t is unlawful for any person to ... produce ... a controlled substance." § 195.211 RSMo Cum.Supp.1991.

■ The evidence established defendant hastily attempted to conceal the 44 plants which had been placed in a window for the obvious purpose of encouraging their growth. The officers found in defendant's home devices used to smoke marijuana. A jury was entitled to find it was defendant's purpose to grow 44 mature marijuana plants. Growing those 44 plants and placing them in the window to encourage their growth, was "conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." § 564.011.1.

■ It is true, as defendant argues, the quantity of marijuana, as defined in § 195.-010(26), RSMo Cum.Supp.1991, contained in the 44 small plants seized is not specifically established. However, courts are not required to ignore that which is common knowledge. In this day of "drug busts" and the exposure of the public to frequent and wide-spread graphic description of and pictures of mature marijuana plants, it is common knowledge that 44 mature marijuana plants would constitute more than 5 grams of marijuana.[11] This court takes judicial notice of that fact. See *Colvin v. Carr*, 799 S.W.2d 153 (Mo.App.1990). A jury could find this is what defendant was attempting to produce.

■ Even so, defendant contends Instruction No. 6 is erroneous because that instruction fails to require a finding that it was defendant's purpose to produce more than 5 grams of marijuana. Instruction No. 5 submitted a required finding that "the defendant produced more than 5 grams of marijuana by growing marijuana plants." Instruction No. 6 required the jury to find "defendant engaged in such conduct for the purpose of committing *such production* of marijuana." (Emphasis added.) "Such production" refers to the production delineated in Instruction No. 5. Instruction No. 6 was drafted in

11. "The evidence shows that there were 178 plants growing in the yard. We can take judicial notice that this number of plants would produce more than 40 grams of usable drugs." *State v. Smith*, 93 Wash.2d 329, 610 P.2d 869, 883 (1980), cert. denied, 449 U.S. 873, 101 S.Ct. 213, 66 L.Ed.2d 93 (1982). Also see *State v. Thomas*, 737 S.W.2d 247 (Mo.App.1987); *Cooper v. State*, 648 S.W.2d 315 (Tex.Cr.App.1983).

accordance with "Notes on Use" No. 3 to MAI–CR 3d 304.06. It provides:

"3. In general, an attempt crime may be submitted as an included offense of the completed crime. Section 556.046.1(3), RSMo 1986. If both the completed offense and the attempt crime are submitted, all essential elements of the crime which was the object of the attempt will have been set out in the instruction on the completed crime. In such case the object crime need not be defined in the optional paragraph provided in this instruction unless either party makes a written request in proper form. If such request is made, the optional paragraph must be submitted."

This was sufficient. See State v. Miller, 692 S.W.2d 339 (Mo.App.1985). Of course, had the completed offense not been submitted, the attempt to produce marijuana should have been submitted in accordance with Notes on Use No. 4 to MAI–CR 3d 304.06.

■ The defendant was convicted under an instruction that submitted the inchoate offense of an attempt to produce marijuana, as defined by § 564.011. It was patterned upon MAI–CR 3d 304.06. However, Instruction No. 6 directed the jury to assess defendant's punishment "for a term of years fixed by you, but not less than five years and not to exceed fifteen years." The production of marijuana is a class "B" felony, the punishment for which is not less than five years but not to exceed fifteen years. Under § 564.011, an attempt to produce marijuana is a class "C" felony, which is punishable by imprisonment for a term of years not to exceed seven years.

"Defendant's right to that limitation upon the court's authority and to a correct instruction as to the range of punishment were infringed by the challenged language of Instruction 5, which overstated the maximum term of imprisonment." State v. Cline, 808 S.W.2d 822, 827 (Mo. banc 1991).

This error in the instruction requires that the conviction for an attempt to produce marijuana be reversed.

■ The defendant has been acquitted of the charged offense of production of marijuana. She cannot be tried again for that of-

fense. Shopbell v. State, 686 S.W.2d 521 (Mo.App.1985). This does not mean, however, the case should not be remanded for a new trial. Defendant was convicted of a lesser included offense of an attempt to produce marijuana. The evidence supports that conviction, but the conviction is reversed because of instructional error. The principle that the case should be remanded for a new trial upon that lesser included offense is clearly established. In Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970), the defendant was charged with murder. He was found guilty of the lesser included offense of voluntary manslaughter. This conviction was reversed. In considering a remand of the case, the Supreme Court said:

"Petitioner sought and obtained the reversal of his initial conviction for voluntary manslaughter by taking an appeal. Accordingly, no aspect of the bar on double jeopardy prevented his retrial for that crime. However, the first verdict, limited as it was to the lesser included offense, required that the retrial be limited to that lesser offense." Id. 398 U.S. at 326–27, 90 S.Ct. at 1760, 26 L.Ed.2d at 304.

Also see Shopbell v. State, supra; State v. Moseley, 735 S.W.2d 46 (Mo.App.1987); State v. Favell, 536 S.W.2d 47 (Mo.App.1976).

The judgment convicting defendant of the offense of an attempt to produce marijuana is reversed. The cause is remanded for further proceedings not inconsistent with this opinion.