The STATE of Missouri, Plaintiff/Respondent,

v.

Kenneth Eugene LITTLE, Defendant/Appellant.

No. 74123.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 16, 1999.

---

Stephen Ray Porter, Monroe City, for defendant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

JAMES A. PUDLOWSKI, Presiding Judge.

Kenneth Little (Defendant) was charged, tried by jury, and convicted for the class B felony of attempt to manufacture a controlled substance in violation of Section 195.211 RSMo (1994),[1] and for the misdemeanor possession of drug paraphernalia with intent to use in violation of Section 195.233. The jury assessed punishment at fifteen years for the felony and one year for the misdemeanor. Defendant alleges the circuit court erred in that: the search of the car was unlawful; the search of the residence was unlawful; and the Motion for Judgment of Acquittal should have been granted because the evidence was insufficient to support his conviction for the class B felony of attempt to manufacture methamphetamine. We affirm in part and reverse and remand in part.

On May 18, 1997, Defendant was a passenger in a car driven by Travis Dwain Bue. Defendant and Travis Dwain Bue were charged and tried together before a jury in the Shelby County Circuit Court. A further discussion of the facts related to the felony is available in *Bue*. *State v. Travis Dwain Bue*, 985 S.W.2d 386 (Mo.App. E.D.1999). In addition to the facts discussed in *Bue*, the search of Defendant's residence uncovered two marijuana pipes and two film canisters; both tested positive for the presence of marijuana. Defendant was charged for the misdemeanor possession of drug paraphernalia with intent to use.

We view the evidence and all reasonable inferences in a light most favorable to the verdict and limit review to determining if there is sufficient evidence from which a reasonable juror might find a defendant guilty beyond a reasonable doubt. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993).

Upon review of the record, we first address the instruction provided to the jury on "attempt" as related to the class B felony. Any person who manufactures a controlled substance or attempts to manufacture a controlled substance is guilty of a class B felony. Section 195.211. In this case, at issue is the difference between Section 195.211, which specifically addresses the manufacture or attempt to manufacture a controlled substance, and Section 564.011, which defines the general inchoate offense of attempt.

Section 195.211 does not define the related attempt, but bears the common law meaning and an instruction should be drafted accordingly. *State v. Reyes*, 862 S.W.2d 377, 386 (Mo.App. S.D.1993). Section 195.211 common law attempt requires a defendant's conduct to "nearly approach the consummation" of the offense. *Id.* The statutory attempt, Section 564.011, provides a broader inchoate attempt offense with a lesser punishment than the common law attempt. *State v. Motley*, 976 S.W.2d 502, 505 (Mo.App. E.D.1998).

Section 564.011.1 provides

A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

The information under which Defendant was charged stated:

The Prosecuting Attorney ... charges that the defendant, in violation of Section 195.211, RSMo, committed the CLASS B FELONY OF AN ATTEMPT TO MANUFACTURE A CONTROLLED SUBSTANCE, punishable upon conviction under Sections [sic] 558.011.1(2), RSMo, in that on or about May 18, 1997, in the County of Shelby, State of Missouri, the defendant knowingly gathered some of the necessary ingredients to manuacture [sic]

---

1. All statutory references are to RSMo (1994) unless otherwise indicated.

methamphetamine, and such conduct was a substantial step toward the commission of the crime of manufacturing methaphetamine [sic], and was done for the purpose of committing such crime of manufacture of methamphetamine, knowing or consciously disregarding a substantial and unjustifiable risk that it was a controlled substance. The parties agree Defendant was sentenced for the violation of Section 195.211, a class B felony. They also agree the jury was instructed under the "substantial step" definition of attempt as defined in Section 564.011. The jury assessed the maximum punishment in accordance with a violation of Section 195.211.

A class B felony attempt to manufacture a controlled substance in violation of Section 195.211 is punishable by a term of imprisonment not less than five years and not to exceed fifteen years. Section 558.011.1(2). Under Section 564.011, an attempt to commit an offense is a class C felony if the offense attempted is a class B felony. The class C felony attempt is punishable by a term of years not to exceed seven years. Section 558.011(3).

In *State v. Reyes*, 862 S.W.2d 377, 388 (Mo.App. S.D.1993), the jury convicted the defendant under a Section 564.011 "substantial step" instruction, but recommended a sentence for the violation of Section 195.211. The trial court adopted the jury recommendation. *Id.* The *Reyes* court held the instruction constituted reversible error because it overstated the maximum term of imprisonment. *Id.*

In this case, as in *Reyes,* Defendant's right to a correct instruction was infringed by the trial court's overstatement of the maximum term of imprisonment. Punishment assessed under Section 195.211 on these facts constitutes reversible error. The conviction for attempt to manufacture a controlled substance in violation of Section 195.211 is reversed and remanded.

Upon review of Defendant's allegation that both the search of the car and the subsequent search of the residence were unlawful, we find the trial court did not err and an extended opinion would serve no jurisprudential purpose. Rule 30.25(b).

The judgment convicting Defendant of the misdemeanor possession of drug paraphernalia with intent to use is affirmed. The judgment convicting Defendant of class the B felony of attempt to manufacture a controlled substance in violation of Section 195.211 is reversed and remanded for proceedings in accordance with this opinion.

WILLIAM H. CRANDALL, Jr., Judge, and CLIFFORD H. AHRENS, Judge, concur.