**STATE of Missouri, Plaintiff–Respondent**

v.

**Richard L. FRYE, Defendant–Appellant**

No. 22659.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 9, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 20, 1999.

Application for Transfer Denied Sept. 21, 1999.

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Richard Frye (defendant) was convicted following a jury trial of attempted forcible rape. §§ 566.030 and 564.011.[1] He was sentenced to five years' imprisonment. This court affirms.

For purposes of appellate review, all evidence tending to prove the defendant's guilt and all inferences that support the verdict are accepted as true. *State v. King*, 964 S.W.2d 480, 486 (Mo.App.1998). Evidence contrary to the verdict is disregarded. *Id.*

Carrie Branham had been washing dishes and cleaning house at her home in Sarcoxie, Missouri. She started to go outside. When she opened the front door, defendant was standing there. Defendant asked Ms. Branham if she wanted to sell

1. References to statutes are to RSMo 1994, unless stated otherwise.

her car. She told him the car was not for sale. Defendant asked if he could use her telephone. She agreed. She let him inside her house and showed him where the telephone was located. Defendant picked up the telephone. Ms. Branham returned to washing dishes at her kitchen sink.

Ms. Branham heard defendant put the telephone down. She turned from the sink to dry her hands. Defendant was standing near her. Defendant grabbed Ms. Branham with one arm and applied a stun gun to the back of her neck. She screamed, cried and fought with defendant and attempted to go to the front door of the house. Defendant began to pull down the jean shorts Ms. Branham was wearing and repeatedly shocked her with the stun gun. Ms. Branham got to the front door. She slammed the door into defendant. She screamed and ran from the house.

Defendant ran from the house to a nearby car, got in it and hurriedly drove away. A workman at a nearby house saw the car and recorded the license number. The license number was reported to police. Appellant was later arrested at Pierce City, Missouri, about 18 miles from Ms. Branham's residence. Ms. Branham identified him as her attacker while he was in police custody.

At trial, at the conclusion of the state's evidence and at the conclusion of all evidence, defendant's trial counsel moved for judgment of acquittal. Both motions were oral. No grounds for either motion were stated. The trial court denied the motions.

Defendant presents one point on appeal. He asserts the trial court erred in denying his motion for judgment of acquittal at the close of all the evidence and in sentencing him on his conviction for attempted forcible rape. Defendant contends the state was required to prove that he "had a present ability to complete the offense," but presented no evidence as to that issue; that the jury finding that defendant took a "substantial step" toward raping Ms. Branham was not sufficient to prove the

offense of attempted forcible rape "as codified by Section 566.030."

Defendant's reference to the jury finding that defendant took a "substantial step" toward raping Ms. Branham alludes to the verdict-directing instruction given at trial, Instruction No. 5. The part of Instruction No. 5 that is pertinent to what defendant asserts the jury found is:

> If you find and believe from the evidence beyond a reasonable doubt:
>
> First, that on or about August 6, 1996, in the County of Jasper, State of Missouri, the defendant grabbed Carrie Branham, applied a stun gun to her body and attempted to remove her shorts, and
>
> Second, *that such conduct was a substantial step toward the commission of the offense of forcible rape upon Carrie Branham,* and
>
> Third, that defendant engaged in such conduct for the purpose of committing such forcible rape,
>
> then you will find the defendant guilty of an attempt to commit forcible rape. [Emphasis added.]

.    .    .    .    .

Defendant's allegation of error would be more appropriately directed to the giving of Instruction No. 5 had the giving of that instruction been preserved for appellate review. However, no question of instructional error was preserved. No objection was made to the giving of the instruction nor was any claim of instructional error included in defendant's motion for new trial. *See State v. Dunagan,* 772 S.W.2d 844, 858 (Mo.App.1989). Defendant is apparently attempting to avoid his failure to preserve the instruction question by directing his claim of error to the trial court's denial of his motions for judgment of acquittal.

At trial defendant did not state a legal basis for either motion. This has not been questioned by the state. This court will consider defendant's motions for judgment

of acquittal to have been claims that the state's evidence was not sufficient to sustain a conviction for attempted forcible rape.[2]

Defendant argues § 566.030 establishes the crimes of rape and attempted rape; that because the statute makes no reference to § 564.011.1, elements for attempted forcible rape are established at common law rather than by § 564.011.1. He asserts that the state's evidence was not sufficient to prove a common law attempt to commit forcible rape. Defendant relies on *State v. Reyes*, 862 S.W.2d 377 (Mo.App.1993).

Section 564.011.1 states:

A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

*Reyes* discusses when the definition of attempt in § 564.011, RSMo 1986, applies.[3] *Reyes* explains that the definition of attempt in § 564.011.1 is not applicable "when an offense is defined as the commission of a proscribed criminal act or ... an attempt to commit that act." 862 S.W.2d at 386. In those instances "the term 'at-tempt' bears the common law meaning." *Id.* Defendant contends the offense of attempted forcible rape established by § 566.030 is such an offense.

Dictum in *Reyes* rebuts defendant's argument. It explains that § 566.030 is not a statute that "define[s] or refer[s] to a criminal offense in terms of a proscribed criminal act 'or attempt to commit' that act"; that the applicable definition for "attempt" as the term is used in § 566.030 is the definition set forth in § 564.011.1.[4] 862 S.W.2d at 381. *Reyes* states:

Section 566.030[,] RSMo Cum.Supp. 1991 defining rape is to be distinguished. Section 566.030.1 defines the offense of forcible rape. Section 566.030.2 prescribes the same punishment for forcible rape and the inchoate offense, as defined by § 564.011, of attempted forcible rape.

862 S.W.2d at 381 n. 4.

This court holds that the *Reyes* dictum correctly states the law applicable to this case. The trial court did not err in denying defendant's motion for judgment of acquittal at the close of all the evidence. The judgment of conviction is affirmed.

CROW, P.J., and SHRUM, J., concur.

---

**2.** Rule 27.07 provides, "The court on motion of a defendant ... shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." Rule 29.11(d) states, "In jury-tried cases, allegations of error to be preserved for appellate review must be included in a motion for new trial except that questions of jurisdiction of the court over the offense charged, questions as to whether the indictment or information states an offense *and questions authorized by Rule 27.07 to be presented by motion for judgment of acquittal* need not be included in a motion for new trial." [Emphasis added.]

**3.** The language of § 564.011, RSMo 1986, is the same as the language in the 1994 revision of that statute.

**4.** Section 566.030 states:

1. A person commits the crime of forcible rape if he has sexual intercourse with another person by the use of forcible compulsion.

2. Forcible rape *or an attempt to commit forcible rape* is a felony for which the authorized term of imprisonment is life imprisonment or a term of years not less than five years, unless in the course thereof the actor inflicts serious physical injury or displays a deadly weapon or dangerous instrument in a threatening manner or subjects the victim to sexual intercourse or deviate sexual intercourse with more than one person, in which case the authorized term of imprisonment is life imprisonment or a term of years not less than ten years. [Emphasis added.]