**STATE of Missouri, Respondent,**

v.

**George C. HULSE, Appellant.**

**No. WD 41046.**

Missouri Court of Appeals,
Western District.

Aug. 1, 1989.

Kathy Matthews, Kansas City, for appellant.

Albert A. Riederer, Pros. Atty., Robert Frager, Asst. Pros. Atty., Kansas City, for respondent.

Before SHANGLER, P.J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

Defendant-appellant George C. Hulse was convicted of driving a motor vehicle on the highways of this state while his driver's license was suspended, in violation of section 302.321, RSMo 1986. He was sentenced to 90 days in jail. The severity of the punishment was no doubt caused by defendant's driving record which included four convictions of driving while intoxicated and two convictions of driving while his license was suspended.

Hulse does not challenge the sufficiency of the evidence to show that his Missouri driver's license had been suspended and had not been reinstated.

■ Defendant's first point is that Jackson County deputy sheriff George B. Fields' stop of defendant as he drove along the highway was not supported by probable cause, hence that any evidence gained by the officer by the unlawful stop of the defendant was inadmissible.

Deputy Fields' testimony was that he observed Hulse operating a motor vehicle in Jackson County, Missouri, on December 18, 1987, driving west on Lone Jack/Lee's Summit Road. Asked what directed his attention to the vehicle, Deputy Fields testified: "He was approaching me, as I saw him. I am familiar with the subject and knew that he was not permitted to be driving."

None of the evidence gained through Deputy Fields' stop of the defendant was used to convict defendant Hulse. All of defendant's offense was in driving along the highway while his driver's license was under suspension. Deputy Fields observed that and testified to it. This all took place before the stop, and Deputy Fields secured no further evidence by the stop. The state's case against the defendant was made up of the deputy's observations made before he stopped the defendant, along with the defendant's Department of Revenue driving record which showed the suspension.

■ Defendant's next point is that his State of Kansas operator's license entitled him to drive upon Missouri's highways, and that his conviction of driving while his driver's license is under suspension constitutes a denial by Missouri of the full faith and credit to be accorded to the "Public Acts, Records and Judicial Proceedings" of another state under article IV, section 1 of the Constitution of the United States. This contention, supported by the citation of no cases, has been rejected in *State v. Bray*, 774 So.2d 555 (Mo.App.1989), handed down contemporaneously herewith.

Judgment affirmed.

All concur.