STATE of Missouri, Plaintiff–Appellant,

v.

**Roger Charles RITTER,**
**Defendant–Respondent.**

No. 59290.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 7, 1991.

**176**

J. Christian Goeke, Asst. Pros. Atty., Union, for plaintiff-appellant.

John Klosterman, Columbia, for defendant-respondent.

CRANE, Judge.

The state appeals pursuant to § 547.200 RSMo 1986 from the order of the trial court granting the motion of defendant Roger Charles Ritter to suppress evidence seized from a parked automobile owned by a third party. We reverse.

The facts are uncontested. While Officer Mike Turner of the Union, Missouri, police department was on routine patrol, he noticed the defendant standing in front of a parked vehicle located on a corner parking lot. Turner was aware that there was a warrant for defendant's arrest for failing to appear on a charge of writing bad checks. Turner also knew that the vehicle did not belong to defendant.

Turner pulled onto the lot directly behind defendant. Defendant got into the automobile and closed the door behind him. Turner observed defendant lift up in the seat as if to remove something from his pocket and lean to the rear as if to place it in the back seat. As soon as Turner exited his vehicle, defendant got out of the vehicle he was in, shut the door and walked toward Turner. Defendant appeared very nervous. Turner told defendant that there was a warrant for his arrest. Defendant responded, "Please don't do this to me.

Please give me a break." Turner handcuffed him and placed him under arrest.

Turner told defendant that he thought he saw him place something in the back seat. Defendant, acting very nervous, responded, "Mike, please give me one break. There isn't that much." Turner asked defendant for the keys. Defendant asked him if he had a search warrant. Turner grabbed the keys out of defendant's pocket. He then placed defendant in the back seat of the patrol car and called for back-up assistance. After unlocking the car, he proceeded to search the automobile. Turner found a marijuana cigarette in the front, between the bucket seats. The officer who responded to the call for assistance found a vial of what appeared to be methamphetamines on the rear floor-board of the automobile. After the search, the officers secured the automobile and transported defendant to the police station.

Defendant filed a motion to suppress the evidence taken from the automobile, alleging that "the search was unlawful in that it was conducted without a warrant, without probable cause, and was not within the scope of any exception to the warrant requirement." After a hearing on the motion, the court sustained the motion to suppress. The trial court found probable cause to believe contraband, probably drugs, was in the car, but held a search warrant was required, stating:

Here he [the officer] had the keys, he [the defendant] was under arrest, he wasn't going back to the car. The defendant couldn't get back in the car. He knew the car belonged to someone else. Even though that person wasn't here in court, I think we need to give some consideration to that other party. As far as that other party coming back with a set of keys and driving it off, the other officer could have stayed there, prevented that from happening. It was during the daylight, it wouldn't have been any problem of going to a judge, get a search warrant. * * * Or, more than likely, if they had gone down and asked the gal who owned the car "Do you mind if we look through the car," she would have said "Go look for yourself." More than

likely she would have said that. He didn't do that.

The state raises one point on appeal, that the trial court erred in suppressing the evidence on the grounds that a search warrant was required.[1] We agree.

■ The state contends that under Missouri law the officer was permitted to make "an immediate search upon the finding of probable cause without presenting the issue of probable cause to a magistrate." The burden is on the state to justify a warrantless search and to demonstrate that it falls within an exception to the warrant requirement. *State v. Burkhardt*, 795 S.W.2d 399, 404 (Mo. banc 1990); Section 542.296.6 RSMo 1986. "On appeal by the state as authorized by § 547.200, RSMo 1986, the correctness of the trial court's decision is measured by whether the evidence is sufficient to sustain the findings." *State v. Cross*, 757 S.W.2d 613, 614 (Mo. App.1988).

■ The prohibition against unreasonable searches and seizures is enforceable against the states under the due process clause of the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684, 1691, 6 L.Ed.2d 1081, 1090 (1961); *State v. Witherspoon*, 460 S.W.2d 281, 283–84 (Mo.1970). Generally, a search of private property without proper consent is " 'unreasonable' unless it has been authorized by a valid search warrant." *Cady v. Dombrowski*, 413 U.S. 433, 439, 93 S.Ct. 2523, 2527, 37 L.Ed.2d 706, 713 (1973) (quoting *Camara v. Municipal Court*, 387 U.S. 523, 528–529, 87 S.Ct. 1727, 1731, 18 L.Ed.2d 930, 935 (1967)). However, a broad and well-established exception to the warrant requirement arises where an automobile is the subject of the search. *State v. Burkhardt, supra*, 795 S.W.2d at 404; *State v. Milliorn*, 794 S.W.2d 181, 183 (Mo. banc 1990). This exception arises from the facts that an automobile is mobile, *Carroll v. United States*, 267 U.S. 132, 153–54, 45 S.Ct. 280, 285, 69 L.Ed. 543, 551 (1925),

may be easily taken or vandalized, *Cady, supra*, 413 U.S. at 448, 93 S.Ct. at 2531, 37 L.Ed.2d at 718, and there is a diminished expectation of privacy in an automobile compared to a home or office. *California v. Carney*, 471 U.S. 386, 391, 105 S.Ct. 2066, 2069, 85 L.Ed.2d 406, 413 (1985). Law enforcement personnel may search an automobile and seize contraband without a warrant if (1) probable cause is established and (2) exigent circumstances necessitate the search. *Milliorn, supra*, 794 S.W.2d at 183, citing *Chambers v. Maroney*, 399 U.S. 42, 51, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419, 428 (1970).

The trial court found probable cause.[2] The only question is whether "exigent circumstances" necessitated the search. Our Supreme Court has held that "[a]s a practical matter, exigent circumstances exist whenever an automobile is involved; the *mere possibility* that the vehicle can be moved is generally sufficient justification for a warrantless search." *Milliorn, supra*, 794 S.W.2d at 183 (emphasis added). The trial court did not specifically address the existence of exigent circumstances but did recognize the possibility that the owner could come with another set of keys and drive it away.

■ Warrantless searches of vehicles by law enforcement officers with probable cause have been sustained where there is any possibility of the vehicle being moved or the evidence in it being removed before a search warrant is obtained. Although it is clear that exigent circumstances exist when an unapprehended defendant may return to drive his vehicle away, *State v. Holt*, 695 S.W.2d 474, 477 (Mo.App.1985); *State v. Brown*, 476 S.W.2d 519, 522 (Mo. 1972), it is equally clear that exigent circumstances exist when the vehicle used by an apprehended defendant belongs to a third party who could presumably remove the car or its contents. Furthermore exigent circumstances exist where the car is on a parking lot where it would be accessible, not only to the owner, but also to

---

**1.** The state specifically waived the issue of standing for purposes of the suppression hearing.

**2.** Defendant asks us to review this finding. We may not do so at this stage of the proceedings.

vandals. *United States v. Caroline*, 791 F.2d 197, 199 (D.C.Cir.1986) (reversing the trial court and finding exigent circumstances to justify a warrantless search of an automobile driven by the defendant but owned by her friend, where the police knew that the car was owned by a third party who presumably had a set of keys); *United States v. Evans*, 481 F.2d 990, 994 (9th Cir.1973) (finding exigent circumstances where "police could reasonably believe the evidence might evaporate through the efforts of [defendant's] girlfriend who owned and had a right to immediate possession of the vehicle."); *United States v. Ellis*, 461 F.2d 962, 966 (2nd Cir.1972) (finding exigent circumstances where police took keys from a defendant in custody, went to a parking lot and unlocked an automobile belonging to a third person in order to search it because it was "not inconceivable" that the car could have been driven away or vandalized), *cert. denied*, 409 U.S. 866, 93 S.Ct. 162, 34 L.Ed.2d 115 (1972); *United States v. Alden*, 576 F.2d 772, 776 (8th Cir.1978) (finding exigent circumstances where an automobile belonging to a third party was parked on a public street near home of a suspected accomplice), *cert. denied*, 439 U.S. 855, 99 S.Ct. 167, 58 L.Ed.2d 161 (1978); *State v. Fingers*, 585 S.W.2d 203, 207 (Mo.App.1979) (finding exigent circumstances where there was "every likelihood of movement" of an unlocked vehicle, the ownership of which was uncertain, parked on a lot accessible to many persons); *United States v. Hall*, 716 F.2d 826, 829–30 (11th Cir.1983) (upholding the warrantless search of a rented truck parked in a shopping center where "there may still have been a danger that the vehicle or its contents would be moved before the officers obtained a valid search warrant."), *cert. denied*, 467 U.S. 1251, 104 S.Ct. 3534, 82 L.Ed.2d 840 (1984).

▆▆ In this case the officer had arrested the defendant and taken the keys but there remained a possibility that the owner could drive the automobile away or take the evidence while the officer was obtaining a search warrant or searching for the owner to obtain permission for the search. There was also the possibility of theft or vandalism of the car left on the lot. These constituted exigent circumstances.

Although the trial court recognized the possibility of the owner's access, it held that the police should have guarded the car while a warrant was being sought or the owner was found. Police are not required to choose the alternative of guarding or impounding a car while seeking a search warrant in lieu of conducting an immediate search. *Chambers, supra,* holding:

> For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.

399 U.S. at 52, 90 S.Ct. at 1981, 26 L.Ed.2d at 428. *See also Cady, supra,* 413 U.S. at 447, 93 S.Ct. at 2531, 37 L.Ed.2d at 718, holding the stationing of a guard is not required under *Chambers.* In *Arkansas v. Sanders*, 442 U.S. 753, 765 n. 14, 99 S.Ct. 2586, 2594, 61 L.Ed.2d 235, 246 (1979), the Court further explained why there is no constitutional requirement for the police to guard or seize a vehicle pending the receipt of a search warrant:

> In *Chambers*, if the Court had required seizure and holding of the vehicle, it would have imposed a constitutional requirement upon police departments of all sizes around the country to have available the people and equipment necessary to transport impounded automobiles to some central location until warrants could be secured. Moreover, once seized automobiles were taken from the highway the police would be responsible for providing some appropriate location where they could be kept, with due regard to the safety of the vehicles and their contents, until a magistrate ruled on the application for a warrant. Such a constitutional requirement therefore would have imposed severe, even impossible, burdens on many police departments.

*See also Caroline* and *Ellis, supra,* both applying *Chambers* to hold that placing a guard over an automobile owned by a third party was not required and an immediate search was permitted.

Defendant's reliance on *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) is misplaced. In that case a plurality of the Court held that the police were required to obtain a search warrant before searching a car parked in the defendant's driveway where the police officers knew in advance of the need for the search and had ample opportunity to obtain a warrant. *Coolidge* has been narrowly confined to the situation where the officers had ample advance opportunity to obtain a warrant. *See Caroline, supra,* 791 F.2d at 200; *Evans, supra,* 481 F.2d at 993; *United States v. Shepherd,* 714 F.2d 316, 319 (4th Cir.1983), *cert. denied,* 466 U.S. 938, 104 S.Ct. 1914, 80 L.Ed.2d 462 (1984).

The presence of probable cause to believe that contraband was concealed within the automobile along with exigent circumstances permitted an immediate search of the automobile without the necessity of applying for a warrant.

The order of the trial court suppressing the evidence is reversed.

REINHARD, P.J., and STEPHAN, J., concur.