STATE of Missouri, Appellant,

v.

Jerome C. THOMPSON, Respondent.

No. WD 44521.

Missouri Court of Appeals,
Western District.

Jan. 7, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1992.

Application to Transfer Denied
April 21, 1992.

Albert A. Riederer, Pros. Atty., Robert Frager, Asst. Pros. Atty., Kansas City, for appellant.

Charles M. McKeon, Bortnick, Komoroski & McKeon, Kansas City, for respondent.

Before FENNER, P.J., LOWENSTEIN, C.J., and ULRICH, J.

ULRICH, Judge.

The state appeals from the trial court's order sustaining the motion of defendant, Jerome C. Thompson, following a hearing to suppress evidence found on Mr. Thompson's person during the search incident to his arrest. Mr. Thompson is charged with possessing cocaine in violation of § 195.-223.3, RSMo Supp.1990. This interlocutory appeal is filed pursuant to the provisions of § 547.200.1, RSMo 1986. The trial court's order suppressing introduction of evidence is reversed.

The issue presented is whether Jerome Thompson's fourth and fourteenth amendment rights proscribing unlawful search and seizure were violated when Kansas City, Missouri police officers searched him. The state contends, as its first point, that the police officer who searched Mr. Thompson's person had sufficient cause to establish reasonable suspicion upon articulable facts that criminal drug activity was about to be committed to justify an investigatory stop and that the search of Mr. Thompson was proper because it occurred after the police officer had legally arrested him. For its second point, the state contends that the trial court erred by suppressing the evidence because any unlawful and improper action on behalf of the arresting police officer was irrelevant since Mr. Thompson's arrest was effected on the basis of an existing municipal bench warrant for his arrest.

On September 14, 1989, at approximately 5:30 p.m., two Kansas City, Missouri, police officers heard the police dispatcher, via the radio in the police car in which they sat, report a purported disturbance at 3333 Wayne in Kansas City. The two police officers responded to the dispatcher's call. The police officer driving the vehicle was the only witness who testified at the suppression hearing. The witness believed the 3300 block of Wayne to be an area where street curb sales of contraband drugs are frequent. He was aware of a vacant lot across the street from 3333 Wayne as a specific location where contraband drugs

are sold. The police officer had previously responded to similar police calls involving the same location.

As the police officers approached 3333 Wayne Street, the driver of the police vehicle observed a group of males standing in the field across the street to the west of 3333 Wayne. The police officer observed no other people near the 3333 address. As the police vehicle approached the group of men, the members of the group looked toward the arriving police vehicle and began to disperse in different directions. The police vehicle stopped approximately twenty feet north of where the witness first observed the men standing. The witness observed the person, later identified as Jerome Thompson, walking west, away from the police vehicle.

The witness and his partner yelled for the men to stop. The witness approached Mr. Thompson who was the member of the group farthest away from the police vehicle. The officer called to Mr. Thompson, and Mr. Thompson came back to where the officer was standing. The other members of the group returned to the vicinity of the police vehicle. The police officers stopped the men in the group to determine whether a disturbance or an offense in violation of the law had occurred or was occurring, which would require the officers to further respond or investigate.

The police officers placed all of the members of the group in the "frisk position" with their hands on the police car. The officer driving the police vehicle "frisked" all of the individuals for weapons. No weapons were found. The witness asked for and received identification from the men. Each of the names appearing on identification documents was entered into the police computer by one of the two police officers utilizing the terminal in the police car, and the computer indicated that a municipal bench warrant existed for Jerome Thompson's arrest. Following standard operating procedure, Jerome Thompson was arrested by the police officers.

The police officers then searched Mr. Thompson, incident to his arrest. In Mr. Thompson's right jacket pocket, one of the police officers found a packet of off-white crystalline material which the officer believed to be cocaine. The substance obtained from Mr. Thompson's pocket was field tested for the presence of cocaine. The field test results indicated the presence of crack cocaine.

Mr. Thompson was charged with possessing cocaine because the substance was found on his person. Mr. Thompson filed a motion to suppress introduction of the substance. The trial court sustained the motion and prohibited the state from using the seized evidence in the prosecution of the case.

■ The trial court's ruling will be affirmed if sufficient evidence exists in the record to support its finding. *State v. Baskerville*, 616 S.W.2d 839, 843 (Mo. banc 1981); *State v. Cochran*, 770 S.W.2d 306, 310 (Mo.App.1989). "The weight of the evidence and the credibility of the witnesses are questions for the trial court's resolution." *State v. Trimble*, 654 S.W.2d 245, 254 (Mo.App.1983).

■ First considered is whether the two police officers were justified in stopping Mr. Thompson after they arrived at the location on Wayne Street. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) requires that stops by police officers be justified from their inception. 392 U.S. at 19–20, 88 S.Ct. at 1878–79. A *Terry* stop is investigatory; it is not an arrest. *United States v. Sharpe*, 470 U.S. 675, 685–86, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985). "A police officer has the authority to make a *forcible stop* of a person when the officer has reasonable, articulable suspicion that the person has been, is, or is about to be engaged in criminal activity." *United States v. Place*, 462 U.S. 696, 702, 103 S.Ct. 2637, 2642, 77 L.Ed.2d 110 (1983). "This is an objective standard measured by the totality of the circumstances. The circumstances do not have to exclude the possibility of innocent behavior." *State v. Fernandez*, 691 S.W.2d 267, 269 (Mo. banc 1985) (citations omitted).

■ The facts of record in this case justify the police officers stopping Mr. Thomas

pursuant to *Terry* in furtherance of their investigation. The two police officers were dispatched to 3333 Wayne to investigate a reported disturbance. They were not told the nature of the disturbance. They did not know what to expect. At least one of the officers knew the 3300 block of Wayne to be an area where contraband drugs were frequently distributed. Upon approaching 3333 Wayne, the officers observed several men across the street from the 3333 address. As the police officers' vehicle approached the vicinity of the men, the men began to disperse. Unless the police officers acted immediately, they might not know whether police action was necessary. The police officers called to the dispersing men to approach them, and after determining that the men were not armed, the officers asked for the names of the men present. Considering the totality of the circumstances, the police officers acted reasonably and within the restrictions of *Terry* and were justified in stopping Mr. Thompson. *See United States v. Jones,* 759 F.2d 633, 639–40 (8th Cir.1985) (articulates factors when determining whether a police stop is reasonable and justified by *Terry.*)

■ After properly stopping Mr. Thompson and obtaining his name, the police officers learned that a warrant for Mr. Thompson's arrest was pending. The officers then lawfully arrested Mr. Thompson and searched him incident to arrest.[1] The officers discovered on Mr. Thompson's person what they believe to be cocaine.

The record does not contain sufficient evidence to support the trial court's order suppressing the purported contraband substance seized from Mr. Thompson. The trial court erroneously ruled that the initial stop of Mr. Thompson by police officers was in violation of Mr. Thompson's fourth and fourteenth amendment rights against unlawful seizure, and the court erroneously ordered the exclusion of the seized substance. The purported contraband drug discovered and seized during the lawful

search incident to Mr. Thompson's arrest is admissible as evidence.

Because this ruling on the state's first point is dispositive, the second point is not addressed. The trial court's order precluding the state from introducing the substance seized from Mr. Thompson during the search of his person incident to his arrest is reversed.

All concur.

---

1. That a police officer is legally permitted to conduct a warrantless search of a person being arrested and the area within the suspect's immediate control is rudimentary. *State v. Vitale,* 801 S.W.2d 451, 454 (Mo.App.1990).