STATE of Missouri, Respondent,

v.

Louis VEGA, Appellant.

Louis VEGA, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 61841, 63634.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 12, 1994.

Robert E. Steele, Jr., St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for respondent.

Before CRANE, P.J., and CRAHAN and KAROHL, JJ.

CRAHAN, Judge.

Defendant, Louis Vega, appeals from the judgment and sentence upon his conviction of possession of a controlled substance in violation of § 195.202 RSMo Cum.Supp.1993. Defendant was sentenced to ten years imprisonment. He also appeals from the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

Defendant does not challenge the sufficiency of the evidence. Viewed in the light most favorable to the verdict the evidence establishes that on August 27, 1988, Detective Lachenicht of the St. Louis Police Department Narcotics Division received information from a confidential informant that five subjects were selling cocaine from 4206 Hereford, Apartments 2 North and South, and 8 North Euclid, Apartment 2 North. This confidential informant had in the past given reliable information about illegal narcotics activity. The informant named five subjects and also gave Detective Lachenicht vehicle descriptions of the cars used to transport narcotics between the apartments.

Detective Lachenicht conducted a surveillance of the two apartments to corroborate the information given by the informant. He verified the location of the apartments and the ownership of the vehicles parked outside. He also observed approximately 15 individuals walk into one of the apartments, stay for a short time period and then leave. Based on this information, Detective Lachenicht obtained a warrant to search the apartments identified by the informant.

The search warrants were executed simultaneously. Detectives knocked on the 8 North Euclid apartment and after receiving no answer, forced the door open. When Defendant saw the detectives entering the apartment, he ran to the rear bedroom. A detective chased Defendant and ordered him to stop. Defendant turned around and picked up a black pouch and put it in his pants. The detective then approached Defendant and retrieved the black pouch. The pouch contained two plastic bags, one containing a white powder and the other containing a rock, which the detective believed to be cocaine. Laboratory analysis later established that the substances were, in fact, cocaine.

Defendant was then placed under arrest and advised of his rights. During the booking process, Defendant was asked if he would like to make a statement. Defendant responded that he obtained the drugs in his possession from Raciel Cordova who was the "main supplier" of the drugs. He further informed the detectives where they could find drugs at the 4206 Hereford apartment.

The jury found Defendant guilty of possession of a controlled substance. He was sentenced to ten years imprisonment. Defendant then filed a pro se Rule 29.15 motion alleging ineffective assistance of counsel. After an evidentiary hearing, the trial court denied Defendant's motion. Defendant now appeals from the judgment and sentence and from the denial of his Rule 29.15 motion. We consolidated the appeals for our review.

Defendant contends the trial court erred in: (1) denying his motion to suppress evidence of cocaine seized from Defendant because the affidavit supporting the search warrant did not establish probable cause to conduct a search; (2) admitting evidence of cocaine inside a black pouch seized from Defendant because the search was beyond

the scope authorized by the search warrant; (3) admitting Defendant's statements to police officers because they were irrelevant evidence of uncharged crimes; and (4) denying his Rule 29.15 motion alleging ineffective assistance of counsel for failure to adequately investigate and locate defense witnesses.

■ Defendant first contends that the trial court erred in denying his motion to suppress evidence of cocaine seized during the execution of a search warrant. Defendant argues that the search was unconstitutional because the affidavit supporting the search warrant did not provide a substantial basis to find probable cause to search Defendant's residence.

■ Defendant stipulated to the validity of the search warrant at trial. Because Defendant stipulated that the search warrant was validly issued, he cannot now question its validity on appeal. *See State v. Gist,* 800 S.W.2d 94, 95 (Mo.App.1990).

In any event, the requirements for an affidavit to support a search warrant were met in this case. The issuing judge must determine whether probable cause exists from the totality of the circumstances. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); *see also State v. Hammett,* 784 S.W.2d 293, 295 (Mo.App. 1989). The judge must make a practical, common sense decision whether, given all the circumstances, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Gates,* 462 U.S. at 238, 103 S.Ct. at 2332. Appellate courts give great deference to the initial determination of probable cause made by the issuing judge and will not reverse the determination unless clearly erroneous. *State v. Milliorn,* 794 S.W.2d 181, 183–84 (Mo. banc 1990). A reviewing court's duty is to ensure that the issuing judge had a substantial basis for concluding that probable cause existed. *Gates,* 462 U.S. at 238–39, 103 S.Ct. at 2332.

Defendant argues that the informant's information was not sufficiently corroborated by the detective applying for the warrant. We disagree. The detective conducted a surveillance of the suspect apartments to corroborate the information obtained by the confidential informant. He verified the location of the apartments, the ownership of the vehicles parked outside, and that numerous individuals entered and left one of the apartments after staying only a brief time. Although no drugs were actually observed during this surveillance, it is only necessary to show a "fair probability" that contraband will be found. *State v. Laws,* 801 S.W.2d 68, 70 (Mo. banc 1990) (citing *Gates,* 462 U.S. at 236, 103 S.Ct. at 2331). All the information obtained through the surveillance in this case was consistent with that supplied by the informant, thereby reducing the chance that he was not telling the truth.

■ Furthermore, tips by informants found to be reliable in the past are sufficient information alone to support an issuing judge's finding of probable cause. *Id.* at 69–70. Defendant relies heavily on the situation in *Gates,* 426 U.S. at 246, 103 S.Ct. at 2336, where officers had corroborated most of the predictions of an *anonymous* letter in order to support a finding of probable cause. That case is distinguishable in that the confidential informant in this case was not an anonymous letter writer but rather a reliable informant who had provided information in the past that led to narcotic arrests on at least three occasions. Point denied.

■ For his second point, Defendant contends the trial court erred in admitting into evidence the cocaine inside a black pouch seized from him during a search because the search went beyond a protective search for weapons under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Appellate review of a ruling on a motion to suppress is limited to a determination of whether the evidence is sufficient to support the trial court's ruling. *State v. Thompson,* 826 S.W.2d 17, 19 (Mo.App.1992).

Defendant argues that the warrant to search the apartment was not sufficient to authorize a search of his person. Defendant relies heavily on *Ybarra v. Illinois,* 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979), where police searched patrons of a public tavern who happened to be on the premises

during the execution of a search. The Court held that the officers did not have the authority to search the individual patrons absent probable cause. 444 U.S. at 92–96; 100 S.Ct. at 343–45.

■ The rationale in *Ybarra* is not applicable to the facts of this case. *Ybarra* is not authority for the proposition that police executing a warrant for contraband must stand idly by as persons on the premises are observed stuffing possible contraband into their clothing. When probable cause exists to believe that evidence will be removed or destroyed before a warrant is obtained, a warrantless search and seizure can be justified under the "exigent circumstances" doctrine. *United States v. Young*, 909 F.2d 442, 446 (11th Cir.1990). Courts have noted that the need for the exigent circumstances doctrine is particularly compelling in narcotics cases were contraband can be quickly destroyed while a search is progressing. *Id.*

In *Young*, police were executing a valid warrant to search a private residence for evidence of drugs and drug paraphernalia. *Id.* at 443. An officer spotted a suspect sneaking out of the back of the house carrying a "bulging" purse. *Id.* at 444. The court held that the exigent circumstances justified a warrantless search of the suspect's person because her actions provided police with sufficient evidence to believe she was in the process of fleeing with evidence. *Id.* at 446.

Similarly, in this case the police conducted the search in a private residence when they had probable cause to believe that the occupants were involved in selling drugs. Upon entry by officers to search his residence, Defendant fled the room and stuffed a black pouch down his pants. As in *Young*, Defendant's flight and attempt to secrete an unknown item during execution of a warrant authorizing a search for contraband suggested that he was trying to conceal or destroy contraband. Thus, the evidence is sufficient to support a finding that the search of Defendant and seizure of the black pouch were lawful under the exigent circumstances doctrine. Point denied.

■ Defendant next contends that the trial court erred in admitting his statements to detectives because they were irrelevant evidence of uncharged crimes. We disagree. Where knowledge of the nature and character of a substance is at issue, evidence of involvement with other drugs is admissible to show intent and knowledge of the nature of the substance possessed. *State v. Steward*, 844 S.W.2d 31, 34–35 (Mo.App.1992).

Here, Defendant's statements that Cordova was his main supplier in addition to his knowledge of the location of drugs seized at the Cordova residence would tend to prove that Defendant was aware of the character and nature of the substance he possessed. Thus, the trial court did not abuse its discretion by admitting Defendant's statements into evidence. Point denied.

■ For his fourth point, Defendant argues that the motion court erred in denying his Rule 29.15 motion. Defendant claims he was denied effective assistance of counsel because his trial counsel failed to adequately investigate and locate defense witnesses Betty and David Padillas and Fernando Soler to testify at trial.

Appellate review of a denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j); *State v. Yarber*, 829 S.W.2d 479, 482 (Mo.App.1992). A motion court's findings and conclusions are clearly erroneous only if a review of the record leaves the appellate court with a definite and firm feeling that a mistake has been made. *Yarber*, 829 S.W.2d at 482.

To establish that defense counsel was ineffective for failure to call witnesses, Defendant must prove that (1) the witnesses could have been located after reasonable investigation; (2) the witnesses would have testified if called; and (3) the testimony of the witnesses would have established a viable defense. *Harry v. State*, 800 S.W.2d 111, 115 (Mo.App. 1990).

Defendant argues that counsel, by only making a telephone call to locate potential defense witnesses, fell below the required standard of effective assistance. However, we need not determine whether counsel's efforts to locate potential witnesses fell below

the standard of care because Defendant failed to establish that greater efforts would have been successful or that the testimony of the witnesses would have established a viable defense.

At the evidentiary hearing on the Rule 29.15 motion, Defendant testified that he informed his trial counsel of the witnesses' existence and that they had left St. Louis and moved to Detroit. However, he was unable to provide trial counsel with a telephone number or address where these witnesses could be located. Further, Defendant testified that his wife had attempted to locate the witnesses but could not. Neither witness appeared at the evidentiary hearing and there was no indication that anyone had been able to locate them. Thus, Defendant failed to carry his burden of proving that the witnesses could have been located or would have testified if called.

■ Additionally, Defendant failed to prove that the witnesses would have provided a viable defense if called. Speculation as to what witnesses might have said if called is insufficient. *See id.* at 115. Defendant claimed that the witnesses would have testified that there was no cocaine in the apartment, and that Defendant did not possess the cocaine. However, the witnesses did not testify at the post-conviction hearing and we are left with only Defendant's self-serving testimony as to what the witnesses might have testified.

The motion court's finding that Defendant failed to establish that the witnesses' testimony would have provided a viable defense, or that the witnesses could have been located and would have testified, is not clearly erroneous. Point denied.

The judgment of conviction and denial of Defendant's Rule 29.15 motion are affirmed.

CRANE, P.J., and KAROHL, J., concur.