**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Jerome ROBERTS,
Defendant/Appellant.**

**No. ED 74955.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 2, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 5, 2000.

Application for Transfer Denied
Feb. 22, 2000.

David C. Hemingway, Asst. Sp. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

Before KATHIANNE KNAUP CRANE, P.J., and ROBERT G. DOWD, Jr., and SHERRI B. SULLIVAN, JJ.

## MEMORANDUM DECISION

PER CURIAM.

Jerome Roberts (Defendant) appeals from a judgment of conviction by a jury for one count of robbery in the first degree, Section 569.020, RSMo 1994, and one count of armed criminal action, Section 571.015, RSMo 1994. The trial court sentenced Defendant as a prior and persistent offender to consecutive terms of nineteen years' imprisonment for first-degree robbery and three years' imprisonment for armed criminal action. Defendant contends the trial court erred in allowing the jury to examine Defendant's accomplice's transcript from his guilty plea during deliberations.

Defendant did not preserve the issue by objecting at trial, and therefore, seeks plan error review. Plain error review will be granted only when the alleged error so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice results if left uncorrected. *State v. Bue,* 985 S.W.2d 386, 392 (Mo.App. E.D.1999). After reviewing the briefs of the parties and record on appeal, we find allowing the jury to examine the entire guilty plea transcript did not cause manifest injustice warranting plain error relief. Defendant's claim of error is without merit. An opinion reciting the detailed facts and restating principles of law would have no precedential value. The judgment is affirmed in accordance with Rule 30.25(b).